UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MALIBU MEDIA, LLC,                                  :
                                                    :
                            Plaintiff,              :
                                                    :         **OPINION AND ORDER**
                   vs.                              :
                                                    :            15 Civ. 2624 (ER)
JOHN DOE, subscriber assigned IP address            :
72.225.251.151,                                     :
                                                    :
                            Defendant.              :
-------------------------------------------------------------x

Ramos, D.J.,

　　　　This action is part of a nationwide series of copyright infringement lawsuits that stem

from the unauthorized downloading and distribution of copyrighted movies.  Plaintiff Malibu

Media, LLC ("Plaintiff" or "Malibu") is a corporation that owns the copyright registrations of

127 motion pictures, including *inter alia* "A Dream Of You," "A Little Time For Myself," and

"A Perfect Match" (the "Works").  Defendant John Doe ("Defendant") is an alleged infringer

who downloaded the Works without authorization using BitTorrent software.  Plaintiff is able to

identify Defendant only by the Internet Protocol ("IP") address from which the Works were

downloaded.  In a prior Order dated April 21, 2015, this Court granted Plaintiff's motion for

expedited discovery, enabling Plaintiff to serve a subpoena on Defendant's Internet Service

Provider ("ISP") to ascertain Defendant's identity.  Defendant moves to quash this subpoena

pursuant to Rule 45 of the Federal Rules of Civil Procedure and to proceed anonymously.  For

the reasons discussed below, Defendant's motion to quash the subpoena is DENIED and

Defendant's request to proceed anonymously is GRANTED.

I.     <u>**Background**</u>

BitTorrent is a peer-to-peer file sharing protocol that allows users to distribute and download data over the Internet.  Compl. ¶ 12.  The protocol provides a fast, efficient method to transfer large digital media files, like full-length movies, by breaking down the file into smaller pieces.  *Id.* ¶¶ 13−14.  Each small piece is given a random and unique alphanumeric identifier known as a "hash value."  *Id.* ¶ 16.  The entire digital file is also given a unique hash value known as a "file hash."  *Id.* ¶ 18.   After the file is broken down into smaller pieces, a group of participating computers work together to anonymously download and distribute these pieces within the group.  *Id.* ¶ 14; *see also Malibu Media, LLC v. John Does 1−11*, No. 12 Civ. 3810 (ER), 2013 WL 3732839, at *1 (S.D.N.Y. July 16, 2013).  Once an individual user has downloaded all of the required pieces from the other members of the group, the BitTorrent software reassembles the file allowing the user to view the entire file on his or her computer.  Compl. ¶ 15.  BitTorrent uses the file hash to prevent modification of the digital file and to insure that the downloaded file is complete and accurate.  *Id.* ¶ 18.

Plaintiff is the registered copyright owner of the 127 Works allegedly downloaded by Defendant's IP address.  *Id.* ¶¶ 4, 31; Ex. B.  Plaintiff uncovered Defendant's IP address through its investigator, IPP International UG ("IPP").  *Id.* ¶¶ 19, 25.  IPP connected with and downloaded from Defendant's IP address one or more bits of each of the 127 Works at issue.  *Id.* ¶¶ 19−20.  IPP then downloaded a full copy of each file hash from BitTorrent, confirmed that the file hash matched the 127 Works, and verified that each downloaded digital media file contained a digital copy of a movie that was identical or substantially similar to Plaintiff's copyrighted Works.  *Id.* ¶ 24.

Plaintiff subsequently filed suit against Defendant—known only by his or her IP address—claiming direct and indirect copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act").  By letter dated April 20, 2015, Plaintiff sought leave from the Court to file a third party subpoena on Defendant's ISP.  Doc. 5.[1]

By order dated April 21, 2015, the Court allowed Plaintiff to serve a Rule 45 subpoena on Defendant's ISP to obtain Defendant's identifying information.  Doc. 9.  The Court limited the scope of the subpoena to Defendant's name and address and prohibited the ISP from providing the requested information to Plaintiff prior to the expiration of a 60-day period, during which time Defendant could file a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously.  *Id.* at 2.

On June 25, 2015, Defendant filed a motion to quash the subpoena and a request to proceed anonymously.  Doc. 10.  Plaintiff filed its opposition to the motion to quash on July 9, 2015.  Doc. 12.

II.  **Motion to Quash**

Federal Rule of Civil Procedure 45(d) requires the court to quash or modify a subpoena that:  (i) fails to allow a reasonable time to comply; (ii) requires a person to travel more than 100 miles of where the person resides, is employed, or regularly transacts business in person; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

---

[1] Plaintiff's letter states that it will show that good cause exists to issue a Rule 45 subpoena in a to-be filed motion. Doc. 5, at 2.  The Court issued its April 21, 2015 Order allowing Plaintiff to serve a Rule 45 subpoena on Defendant's ISP without requiring a motion to be filed.  Doc. 9.  While Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash focuses on the argument that Defendant's denial of liability is an insufficient ground to quash the subpoena, Plaintiff's letter addresses the standard utilized in this Circuit to evaluate motions to quash subpoenas seeking to identify unknown defendants.  *See* Doc. 5, at 2.  Accordingly, the Court addresses the issues identified by Plaintiff in its letter and opposition.  The Court also notes that Plaintiff has filed 130 substantially similar related cases in this District, including four in front of this Court, and in at least one of these four cases, Plaintiff has filed a motion in support of its request to serve a third party subpoena specifically addressing the standard.  Doc. 4; *Malibu Media, LLC v. John Doe*, No. 15 Civ. 575 (ER), Doc. 11 (filed Apr. 16, 2015).

(iv) subjects a person to undue burden.  FED. R. CIV. P. 45(d)(3)(A).  Here, the subpoena
potentially implicates Defendant's privacy rights by requesting his or her name and current and
permanent address.  *See* Doc. 9.  "Courts in this district have recognized that internet users have
a limited First Amendment privacy interest in anonymous internet usage, including the use of
peer-to-peer file sharing networks, but this interest does not protect those who use their
anonymity to infringe the copyrights of others."  *Malibu Media, LLC v. John Does 1–11*, 2013
WL 3732839, at *5 (citing *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 563−65
(S.D.N.Y. 2004)); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("To
the extent that anonymity is protected by the First Amendment, a court should quash or modify a
subpoena designed to breach anonymity. . . . The First Amendment does not, however, provide a
license for copyright infringement.").

    The Second Circuit has adopted the five-factor test articulated by then-District Judge
Chin in *Sony Music Entertainment Inc.*, 326 F. Supp. 2d at 564−65, to determine whether a
defendant's First Amendment rights protect his or her identity from disclosure.  *Arista Records,
LLC*, 604 F.3d at 119 ("We agree that [the five-factor test articulated in *Sony Music*] constitutes
an appropriate general standard for determining whether a motion to quash, to preserve the
objecting party's anonymity, should be granted.").  The factors are:  (1) "a concrete showing of a
prima facie claim of actionable harm," (2) "specificity of the discovery request," (3) "the absence
of alternative means to obtain the subpoenaed information," (4) "a central need for the
subpoenaed information to advance the claim," and (5) "the party's expectation of privacy."
*Sony Music Entm't, Inc.*, 326 F. Supp. 2d at 564−65.  In the instant action, the factors weigh in
favor of Plaintiff's request to obtain Defendant's identifying information.

4

First, Plaintiff has made a concrete showing of a *prima facie* claim of copyright infringement.  "To establish a prima facie claim of copyright infringement, a plaintiff must allege both '(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'"  *American Broadcasting Companies, Inc. v. Flying J, Inc.*, No. 06 Civ. 2967 (DAB), 2007 WL 583176, at *4 (S.D.N.Y. Feb. 22, 2007) (quoting *Yurman Design v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001)).  Plaintiff has made a concrete showing by alleging its ownership of the registered copyrights and by alleging that Defendant unlawfully downloaded, copied, and distributed the Works "by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of the infringement."  *Malibu Media, LLC v. John Does 1–11*, 2013 WL 3732839, at *5 (citing *John Wiley & Sons, Inc. v. John Doe Nos. 1–30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012)); Compl. ¶¶ 31–33, Exs. A, B.  Accordingly, this factor weighs in favor of Plaintiff.

The second factor requires the discovery request to be sufficiently specific enough "to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon [the Defendant]."  *Sony Music Entm't, Inc.*, 326 F. Supp. 2d, at 566.  In *Malibu Media, LLC v. John Doe No. 4*, No. 12 Civ. 2950 (JPO), 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012), another case brought by Plaintiff, the court found that Plaintiff's request seeking Defendant's name, current and permanent address, e-mail address, and Media Access Control Address was "highly specific."  Similarly, the discovery request here seeks Defendant's name and address, *see* Doc. 5, and thus is sufficiently specific to make service possible.

The third factor—"the absence of alternative means to obtain the subpoenaed information"—also favors Plaintiff.  *Sony Music Entm't, Inc.*, 326 F. Supp. 2d at 565.  Other

5

courts that have addressed this issue have found that where it was "explained that use of the BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address. . . . [the plaintiff] has established that it lacks the means to obtain the subscriber's identifying information, other than by subpoena." *John Wiley & Sons, Inc.*, 284 F.R.D. at 190; *see also Sony Music Entm't, Inc.*, 326 F. Supp. 2d at 566 (finding no method to obtain information other than by subpoena under similar circumstances). Defendant allegedly infringed on the Works by using the BitTorrent software, Plaintiff asserts that there are no alternative means to obtain Defendant's identifying information, and Plaintiff thus far has only been able to identify Defendant by his or her IP address. *See* Doc. 5. Accordingly, no alternative means are available to identify the Defendant.

Fourth, Plaintiff has demonstrated that the subpoenaed information is necessary to advance its claim against Defendant because "[a]scertaining the identit[y] and residence[] of the Doe defendant[ ] is critical to [Plaintiff's] ability to pursue litigation, for without this information, [Plaintiff] will be unable to serve process." *John Wiley & Sons, Inc.*, 284 F.R.D. at 190 (citing *Sony Music Entm't, Inc.*, 326 F. Supp. 2d at 566).

The fifth factor—"the party's expectation of privacy"—presents a slightly more difficult question. *Sony Music Entm't, Inc.*, 326 F. Supp. 2d at 565. While the Second Circuit has found that ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material, *see Arista Records, LLC*, 604 F.3d at 118, courts in this District recognize the "sensitive and embarrassing nature of the conduct alleged here, especially given the potential irrevocable reputational damage done to a defendant who did not, in fact, commit the conduct alleged." *Malibu Media, LLC v. John Doe No. 4*, 2012 WL 5987854, at *3; *see also Digital Sin, Inc. v. John Does 1−176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (noting the potential that in these

cases the "names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded [the Works]"); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("Different family members, or even visitors, could have performed the alleged downloads.  Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the [P]laintiff's film.").  Indeed, Defendant in this case asserts that he was out of the country on the date of the alleged infringement.  *See* Doc. 10.  While Defendant may raise this defense at the appropriate time, "the prospect of such a defense does not raise a First Amendment privacy interest that would justify concealing [Defendant's] identity so as to protect her from suit altogether."  *John Wiley & Sons, Inc.*, 284 F.R.D. at 191.  Defendant's "First Amendment right to remain anonymous must give way to [Plaintiff's] right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."  *Sony Music Entm't, Inc.*, 326 F. Supp. 2d at 567; *see also Malibu Media, LLC v. John Doe No. 4*, 2012 WL 5987854, at *4.  Accordingly, the last factor also favors Plaintiff.

Because all factors weigh in favor of upholding the subpoena, Defendant's motion to quash is DENIED.

**III.    Request to Proceed Anonymously**

Defendant's "Confidential Contact Information" form submitted to the Court included the following statement:  "I understand that, unless otherwise ordered by the Court, this information will remain confidential and only Court personnel will have access to it."  Doc. 11.  Due to the leniency afforded *pro se* litigants, the Court construes this statement as Defendant's request to proceed anonymously as described in the April 21, 2015 Order "Notice to Defendant."  *See* Doc.

9, at 4 ("If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. . . . If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise."); *Kelly v. Robert Ainbinder & Co.*, No. 87 Civ. 6348 (JSM), 1991 WL 253028, at *5 (S.D.N.Y. Nov. 20, 1991) ("[P]rocedural deficiencies will not defeat *pro se* defendants motions since they are entitled to more lenient treatment in this regard." (citing *Smith v. Coughlin*, 727 F. Supp. 834, 838 (S.D.N.Y. 1989))).

As a general rule, parties may not proceed anonymously. FED. R. CIV. P. 10(a). "[T]his rule 'serves the vital purpose of facilitating public scrutiny of judicial proceedings . . . [it] cannot be set aside lightly.'" *John Wiley & Sons, Inc. v. John Does Nos. 1–27*, No. 11 Civ. 7627 (WHP), 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012) (alteration in original) (quoting *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188–89 (2d Cir. 2008)). "'When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury.'" *Next Phase Distribution, Inc. v. Does 1–138*, No. 11 Civ. 9706 (KBF), 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012) (quoting *John Wiley & Sons, Inc. v. John Does Nos. 1–27*, 2012 WL 364048, at *1). The Second Circuit has set out a non-exhaustive, multi-factor list for deciding a motion to proceed anonymously including:

> (1) 'whether the litigation involves matters that are highly sensitive and of a personal nature;' (2) 'whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;' (3) 'whether the plaintiff's identity has thus far been kept confidential;' and (4) 'whether the public's interest in the

> litigation is furthered by requiring the plaintiff to disclose his
> identity.'

*Next Phase Distribution, Inc.*, 2012 WL 691830, at *1 (quoting *Sealed Plaintiff v. Sealed*

*Defendant #1*, 537 F.3d at 189−90).

       Judges in this District regularly permit defendants to proceed anonymously in cases

similar to this one, where the defendant has been accused of illegally downloading adult videos,

because of the "highly embarrassing and potentially sensitive and personal nature of such

accusations," the risk of misidentification where a defendant is only identified by an IP address,

and the fact that "the public's interest is not necessarily furthered by knowledge of the

defendant's specific identity." *Malibu Media, LLC v. John Doe*, No. 15 Civ. 1862 (RJS), 2015

WL 4271825, at *3 (S.D.N.Y. July 14, 2015); *Malibu Media, LLC v. John Does 1−5*, No. 12 Civ.

2950 (JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012); *see also Next Phase Distribution,*

*Inc.*, 2012 WL 691830, at *1−2.  While the public interest is generally furthered by allowing

public scrutiny of judicial proceedings, here there is minimal public interest in disclosing

Defendant's name when weighed against Defendant's interests in remaining anonymous.  *See*

*Next Phase Distribution, Inc.*, 2012 WL 691830, at *2.  Plaintiff is also not prejudiced by

allowing Defendant to proceed anonymously, and in fact, has consented to defendants

proceeding anonymously in similar cases.  *See Malibu Media, LLC v. John Doe*, No. 15 Civ. 562

(ER), Doc. 10, at 6−7 (filed Apr. 16, 2015); *see also Malibu Media, LLC v. John Doe*, 2015 WL

4271825, at *3 (granting a motion to proceed anonymously where Plaintiff has consented to the

request).

       For these reasons, Defendant's request to proceed anonymously is GRANTED.

IV.     **Conclusion**

For the reasons set forth above, Defendant's motion to quash the subpoena is DENIED

and the request to proceed anonymously is GRANTED until further order of this Court.  To the

extent that any information regarding the John Doe Defendant is released to Plaintiff by the ISP,

that information shall not be publicly disclosed.

It is SO ORDERED.

Dated:          October 16, 2015
                New York, New York


                                                    _____
                                                    Edgardo Ramos, U.S.D.J.